UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRANDON LEE DAVIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:25-cv-00067-GFVT |
| ) | |
| v. ) | |
| ) | |
| SHELBY COUNTY DETENTION ) | **MEMORANDUM OPINION** |
| CENTER, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Brandon Lee Davis is a resident of Newnan, Georgia. Davis has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1.] He has also filed a motion to proceed *in forma pauperis*. [R. 2.] In his fee motion, Davis provides only sparse information regarding his income, assets, and expenses. *See id*. Still, what information he does provide indicates that he lacks sufficient assets or income to pay the $405.00 filing fee. The Court will therefore grant the fee motion and waives payment of the filing and administrative fees.

The Court must next conduct the initial screening required by 28 U.S.C. § 1915(e)(2).[1] In his one-page, handwritten complaint Davis alleges that in February 2025 while he was confined at the Shelby County Detention Center, "bi-lateral physical restraints" were applied to him which caused "severe bi-lateral ankle sprain, wound …" [R. 1 at 1.] He does not indicate who applied the restraints or provide any additional context for this allegation. Davis asserts that this conduct

---

[1] The statute directs a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

violated his rights to equal protection under the Fourteenth Amendment and cruel and unusual punishment under the Eighth Amendment.  For relief, he seeks compensatory damages totaling $172 million.  *Id*.

The Court must dismiss the complaint because the only named defendant, the Shelby County Detention Center, is not a legal entity capable of being sued.  *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (holding that a county jail is a "department of the county" and "not a legal entity susceptible to suit"); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (*citing Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that the Shelby County Jail is not subject to suit under § 1983).  The Court could construe Davis's claim against the detention center as asserted against the county itself.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  But Davis does not include any allegations necessary to state a claim against the county.  *See Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The Court will therefore dismiss the complaint for failure to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** as follows:

1. Davis's motion for leave to proceed *in forma pauperis* **[R. 2]** is **GRANTED.**  The Court **WAIVES** payment of the filing and administrative fees;

2. The complaint **[R. 1]** is **DISMISSED** with prejudice; and

3. This matter is **STRICKEN** from the docket.

This the 17th day of December, 2025.

Gregory F. Van Tatenhove
United States District Judge